**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4255**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

GEOFFREY NNABUGO NWAFOR,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, District Judge. (1:15-cr-00547-JKB-1)

Submitted: November 17, 2016          Decided: November 21, 2016

Before GREGORY, Chief Judge, and MOTZ and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Sapna Mirchandani, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Lauren E. Perry, Special Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Geoffrey Nwafor appeals from the 28-month sentence imposed after he pleaded guilty to illegal reentry by a deported alien, in violation of 8 U.S.C. § 1326(a) (2012). Nwafor argues that his sentence is procedurally and substantively unreasonable. Finding no error, we affirm.

Nwafor contends that his sentence is procedurally unreasonable because the district court did not adequately consider a sentencing amendment that was awaiting Congressional approval and his request for a downward variance sentence. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). The court first reviews for significant procedural error, and if the sentence is free from such error, it then considers substantive reasonableness. Id. at 51. Procedural error includes improperly calculating the Sentencing Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. Id. To adequately explain the sentence, the district court must make an "individualized assessment" by applying the relevant § 3553(a) factors to the case's specific circumstances. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The individualized

assessment need not be elaborate or lengthy, but it must be adequate to allow meaningful appellate review. Id. at 330.

The court considered the proposed amendment, specifically stated so on the record, and said that it was aware that the amendment would reduce the sentencing exposure, but that the sentence was based on Nwafor's prior conviction and his conduct when he returned to the United States, including identity theft and fraudulent receipt of government-funded benefits. Nwafor suggests that the court "robotically ticked" through the § 3553(a) factors and contends that the court did not consider his arguments for a downward variance. His claims are contradicted by the sentencing transcript. The court considered Nwafor's request, but imposed the 28-month sentence, citing Nwafor's prior aggravated drug felony offense, the identity theft once he reentered unlawfully, and the need for deterrence.

"Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014) (citations omitted). Nwafor posits that his sentence was substantively unreasonable because it is higher than it would have been had the proposed amendment been applied. This argument is not sufficient to rebut the presumption.

3

Nwafor presents no other evidence to rebut the presumption of reasonableness applicable to his properly calculated within-Guidelines sentence.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED